In the Matter of LINDA CALLEGARI, Respondent, v. NORMAN L. COUSINS, Appellant.— In a proceeding to establish paternity pursuant to statute (Family Ct. Act, § 511 et seq.), the alleged father appeals from an order of the Family Court, Nassau County, entered January 6, 1964 which adjudged him to be the father of the child and directed him (1) to pay the sum of $1,000 to the parents of the petitioner for the expenses incurred in connection with petitioner's pregnancy, confinement and recovery, at the rate of $5 per week, commencing January 6, 1964; and (2) to pay the sum of $10 per week toward the support and education of the child, commencing January 6, 1964. Order affirmed, with costs. In our opinion, the proof adduced at the trial was sufficient to justify the finding of paternity. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

JOSEPH PERNISE, Respondent, v. LOUIS DI GIACOMO, Appellant.— In a negligence action to recover damages for personal injury, the defendant appeals from an order of the Supreme Court, Kings County, entered July 15, 1965, which denied his motion to dismiss the complaint for lack of prosecution on condition that the action be placed on the calendar within a specified time. Order reversed, without costs; motion granted unconditionally and complaint dismissed, without costs. Pursuant to CPLR 3216 as amended, defendant duly served upon plaintiff's attorney a written demand that within 45 days plaintiff serve and file a note of issue. Plaintiff failed to comply with such demand. In our opinion, the inadequacy of the excuses offered for the delay, combined with the failure to submit an affidavit of merits, entitled the defendant to an unconditional dismissal of the complaint (Passalacqua v. County Estates, 24 A D 2d 497; Bisnoff v. Bergman, 24 A D 2d 557). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.